UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PATRICIA CAYWOOD, Individually and as the Personal Representative of the Estate of JAMES CAYWOOD, Deceased<br><br>    Plaintiff,<br>  vs.<br><br>ANONYMOUS HOSPITAL; and CR BARD, INC. d/b/a BARD ACCESS SYSTEMS,<br><br>    Defendants. | NO. 1:11-cv-01313-TWP-MJD |

**Order on Plaintiff's Motion to Remand**

This matter comes before the Court on Plaintiff Patricia Caywood's ("Caywood") Motion to Remand the matter to the Marion County Superior Court No. 1. [Dkt. 17]. For the reasons discussed below, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure,[1] the Court **GRANTS** Caywood's Motion to Remand.

**I. Background**

This matter involves claims brought by Caywood on behalf of herself individually and as the Personal Representative of the Estate of James Caywood, her deceased husband, relating to a severe anoxic brain injury that led to James Caywood's death.

Pursuant to the Indiana Medical Malpractice Act ("MMA"), Indiana Code § 34-18-1-1 *et seq.*, Caywood submitted a Proposed Complaint against Defendant Anonymous Hospital (the "Hospital") to the Indiana Department of Insurance ("IDOI") on January 6, 2011. In the

---

[1] This Order is issued pursuant to Fed. R. Civ. P. 72(a) because the motions addressed herein are not among those motions excepted from determination by a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A).

1

Proposed Complaint, which was not filed in court, Caywood revealed the identity of the Hospital. The MMA requires an IDOI medical review panel to evaluate and render an opinion on such claims before an action against the health care provider can be commenced in such defendant's name. To date, a panel has not yet been formed.

Caywood then filed a Complaint in the Marion Superior Court on August 24, 2011 against Defendant CR Bard, Inc. d/b/a Bard Access Systems ("Bard"), naming the Hospital as co-Defendant "Anonymous Hospital," as allowed by the MMA. Bard, a New Jersey corporation with its principal place of business in Murray Hill, New Jersey, is the manufacturer of the catheter from which James Caywood was initially found bleeding profusely, causing him to lose large amounts of blood before going into cardiac arrest. At the time of filing, Caywood was a resident of Fort Wayne, Indiana, and she was and remains a citizen of Indiana. On September 28, 2011, Defendant Bard removed the matter to this Court based upon diversity of citizenship under 28 U.S.C. § 1332.

On November 28, 2011, Caywood filed a Motion to Remand based on lack of diversity of citizenship. As a part of this filing, Caywood attached a number of documents as exhibits that identify the Hospital, including the Proposed Complaint submitted to the IDOI and James Caywood's medical records. These documents clearly identify the Hospital as an Indiana corporation with its principal place of business in Indianapolis, Indiana. As such, Caywood argues that complete diversity of citizenship does not exist, divesting this Court of subject matter jurisdiction, and the proper recourse is to remand the matter back to the Marion County Superior Court.

## II. Discussion

Caywood argues that, since she and one of the defendants are both citizens of Indiana, this Court has no subject matter jurisdiction because diversity of citizenship does not exist. In response, Defendants Bard and the Hospital argue that the Court may not consider the identity of the Hospital due to the protection awarded it under the anonymity provision of the MMA. [Dkts. 28 and 30].

### A. A Known, Anonymous Party Will not be Disregarded in a Decision to Remand Based on Lack of Diversity Citizenship

When a plaintiff files a civil action in state court over which the district courts have original jurisdiction, a defendant has the right to remove the action to the district court. 28 U.S.C. § 1441(a). Additionally, 28 U.S.C. § 1441(b)(1) provides that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under *fictitious* names shall be disregarded." 28 U.S.C. § 1441(b)(1) (emphasis added).

"[T]he fictitious defendant in diversity citizenship cases" is a party "whom the plaintiff knows to exist, or believes to exist, **but can't identify**." 28 U.S.C.A § 1441 (Commentary of 1988 and 1990 Revisions of Section 1441: The 1988 Amendment of Subdivision (a) (emphasis added)). Before these revisions, a defendant with the burden of establishing jurisdiction to remove a case to federal court within thirty days after being served was unable to remove to federal court because it was impossible to affirmatively establish the diverse citizenship of the unidentified party. *Id.* Instead, 28 U.S.C. § 1441(b)(1) now allows such a defendant to disregard the citizenship of unidentified defendants in its determination of the removability of an action, and when the identity of a non-diverse defendant becomes known, the federal court may then remand for lack of jurisdiction. *Id.*

Bard argues that the plain language of § 1441 expressly precludes the Court from taking into account the Hospital's citizenship in reviewing diversity. [Dkt. 30 at 2]. However, Bard mistakenly interprets "fictitious" to be synonymous with "anonymous." Merriam Webster defines "fictitious" as "of, relating to, or characteristic of fiction: imaginary," which is further defined as "lacking factual reality." Merriam Webster's Collegiate Dictionary 465, 619 (Fredrick C. Mish et al. eds., 11th ed. 2009), *available at* http://www.merriam-webster.com/. As noted above, the "fictitious" party referenced in 28 U.S.C. § 1441(b)(1) is more precisely identified as an individual or entity "whom the plaintiff knows to exist, or believes to exist, **but can't identify**." 28 U.S.C.A § 1441 (Commentary of 1988 and 1990 Revisions of Section 1441: The 1988 Amendment of Subdivision (a) (emphasis added)).

Defendant Hospital is not *fictitious*; it is *anonymous*. Due to the policy interest in protecting the reputation of medical practitioners, the MMA requires litigants in Indiana courts to proceed anonymously against health care providers until the IDOI's medical review panel has made a finding regarding the alleged medical malpractice. *See* Ind. Code 34-18-8-7(a)(1); *Kho v. Pennington*, 875 N.E.2d 208, 209–216 (Ind. 2007). In this matter, the Hospital does not lack a factual reality, as both this Court and Bard are fully aware of the name and citizenship of the Hospital. [Dkt. 33 at 5.] In fact, the Hospital is represented by counsel, who has appeared and filed papers in this matter. Thus, the plain language of § 1441 does not settle the matter in favor of Bard.

Bard further asserts that Indiana federal district court cases discussing removal are applicable here. The Court disagrees. It is true that a number of Indiana district court cases have held that removal is proper where health care providers have been named anonymously according to the MMA. *See, e.g., Beaty v. I-Flow Corp.*, 1:09-CV-383-WTL-TAB, 2009 WL

1689395 (S.D. Ind. June 16, 2009) (plaintiff opposed removal but had not yet named the doctor in any manner); *Thornburg v. Stryker Corp.*, 105-CV-1378-RLY-TAB, 2006 WL 1843351 (S.D. Ind. June 29, 2006) (holding that removal was proper). However, the issue at hand is not one of removal—this Court does not deny that Defendant Bard acted properly within its right to remove the case. The proper question regards the propriety of this Court maintaining this case in the known absence of subject matter jurisdiction.

The Seventh Circuit has been hesitant to permit anonymity against the "strong presumption of public disclosure." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545–47 (7th Cir. 2002). However, the Court sees no reason not to recognize and give effect to the public policy reasons underlying the MMA and allow such parties to maintain their anonymity during the pendency of the IDOI proceeding.[1] However, notwithstanding this temporary public anonymity, the Hospital is not "fictitious" since the Hospital is identifiable and has been active in this case, and its identity can and must be taken into account in determining the existence of diversity.

That being said, the Court wishes to be clear that it is not questioning the propriety of Bard's initial removal of this matter. The Court is aware of no evidence that Bard knew the identity of the Hospital at the time of removal. In light of that, Bard was entirely correct to rely

---

[1] Plaintiff Caywood argues that the motion to remand should be granted because the MMA is a procedural statute, a supplement to the substantive tort law that governs medical malpractice cases. [Dkt. 33 at 8–14]. According to the *Erie* doctrine, Caywood continues, Federal Rule of Civil Procedure 10(a), requiring that all parties be named, overrides the conflicting procedural state law, the anonymity provision of the MMA. Rule 10(a) requires the caption of the complaint to "name all the parties." Fed. R. Civ. P. 10(a). While Caywood argues that this is in direct contradiction to the MMA, the anonymity provision allows the Hospital to be named using a pseudonym, here "Anonymous Hospital." Thus, there is no need to address any conflicts of laws questions in this matter. Although it is not public information, the identity of the Hospital is now known to the Court, which is sufficient to allow the Court to determine its subject matter jurisdiction.

upon 28 U.S.C. § 1441(b)(1) in removing the case, because, from Bard's perspective, the Hospital truly was a fictitious party. However, once a case is removed, procedures are in place to clarify the jurisdictional issue.

Local Rule 81-1(a) requires a notice of removal to include, among other things, "a listing of the citizenship of each party." As noted, a removing party, such as Bard, that is unaware of the actual identity of an anonymous party may disregard that party for purposes of removal pursuant to 28 U.S.C. § 1441(b)(1). Thereafter, Local Rule 81-1(b) requires any plaintiff, who has not filed a motion to remand, to respond within thirty days as to the citizenship of the parties and the amount in controversy. It is at this point that the Plaintiff is required to articulate the citizenship of a known, but anonymous, party so as to allow the Court to properly examine its subject matter jurisdiction. Such can be accomplished, as it was in this case, without a public disclosure of the identity of the anonymous party

**B. If, at Any Time, the District Court Lacks Jurisdiction, the Case Shall be Remanded**

When complete diversity exists, the district court has subject matter jurisdiction. 28 U.S.C. § 1332(a). However, if the plaintiff(s) and defendant(s) in a case are not "citizens of different States," jurisdiction cannot be based upon 28 U.S.C. § 1332. Furthermore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added). As such, if an unknown party becomes known, and complete diversity is destroyed, the Court must remand the case to state court.

In this matter, Bard was only allowed thirty days to remove the case to federal court. 28 U.S.C. § 1446(a). Since the Complaint filed in the state court did not contain any reference to the identity of the Hospital, Bard properly exercised its right to remove. *See* 28 U.S.C. §

1441(a). However, now that all of the parties and the Court are aware that the Hospital is an Indiana corporation with its principal place of business in Indianapolis, Indiana, complete diversity no longer exists, and this Court lacks subject matter jurisdiction over this matter. While the Seventh Circuit has not ruled on this nuanced issue, I find the reasoning of the First and Fifth Circuit Courts of Appeals persuasive:

> For the first time, we address the same issue as did the First Circuit in *Casas*: "whether [ ] substitution [for a John Doe defendant], which unquestionably destroyed complete diversity, [could] also defeat[ ] federal subject matter jurisdiction." *Casas*, 42 F.3d at 673. Finding the First Circuit's reasoning persuasive, we hold that § 1441(a) applies only to John Doe defendants as such, not to subsequently named parties identifying one of those fictitious defendants.

*Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 475–77 (5th Cir. 2001) (holding that remand was proper according to 28 U.S.C. § 1447). Thus, since the Hospital has now unquestionably been identified as a citizen of the same State as the Plaintiff, federal subject matter jurisdiction had been destroyed, and this Court must remand the case. 28 U.S.C. § 1447(c).

**C. Federal Courts are Obligated to Give Regard to Limits on Their Jurisdiction**

The jurisdiction of federal courts is fundamentally limited, through both the Constitution and by statute. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). As such, "[t]he limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *Id.* The applicable limitation in this case is the statutory jurisdictional limitation requiring that, in a case in federal court based on diversity, there must be "complete" diversity between each of the defendants and the plaintiff. *See* 28 U.S.C. § 1332.

In this matter, Defendants argue that the Hospital is a fictitious party and believe this to be a principled reason to proceed in this Court while the IDOI panel meets. However, such reading is an evasion of the diversity limitation on federal jurisdiction. Defendant Hospital is an *anonymous*, not fictitious, party, so there is no requirement to ignore its citizenship when

7

examining the subject matter jurisdiction of the Court. To do so would be nothing more than a bald fiction and would constitute a flagrant violation of this Court's duty to examine the basis for its jurisdiction and remand or dismiss those cases where such jurisdiction is found not to exist. That determination is squarely before this Court and cannot be ignored simply because some provision of Indiana law may authorize the Hospital to be sued anonymously. As such, the proper, and in fact the only recourse is to remand this case due to a lack of subject matter jurisdiction. This solution is consistent with the "fundamental precept that federal courts are courts of limited jurisdiction." *Kroger*, 437 U.S. at 374.

### III. Conclusion

For the foregoing reasons, Caywood's Motion to Remand [Dkt. 17] is **GRANTED**. Because no evidence has been presented to demonstrate that Bard was aware of the lack of diversity at the time of removal, the Court finds that no award of costs or expenses pursuant to 28 U.S.C. § 1447(c) is warranted in this case.

Any objections to the Magistrate Judge's Order shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(a), and failure to file timely objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated: 03/29/2012

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution List:

David J. Cooner
MCCARTER & ENGLISH, LLP
dcooner@mccarter.com

Amanda C. Couture
DELANEY & DELANEY
acouture@delaneylaw.net

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Jill M. Emerson
CLINE FARRELL CHRISTIE LEE & CARESS
jemerson@cfclc-law.com

Kathy Ann Lee
CLINE FARRELL CHRISTIE LEE & CARESS
kathy@cfcl-law.com

Sara F. Merin
MCCARTER & ENGLISH, LLP
smerin@mccarter.com

Elizabeth Ann Schuerman
BOSE MCKINNEY & EVANS, LLP
eschuerman@boselaw.com

Robert G. Weddle
BOSE MCKINNEY & EVANS, LLP
rweddle@boselaw.com