UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PATRICIA CAYWOOD, Individually and as the Personal Representative of the Estate of JAMES CAYWOOD, Deceased<br><br>          Plaintiff,<br>  vs.<br><br>ANONYMOUS HOSPITAL; and CR BARD, INC. d/b/a BARD ACCESS SYSTEMS,<br><br>          Defendants. | NO. 1:11-cv-01313-TWP-MJD |

**Order on Motion for Leave to File Documents Under Seal**

This matter comes before the Court on Plaintiff Patricia Caywood's ("Caywood") Motion for Leave to File Documents Identifying Defendant Anonymous Hospital ("Hospital") Under Seal. [Dkt. 20.] For the following reasons, the Court hereby **GRANTS** Caywood's Motion.

### I. Background

This matter involves claims brought by Caywood on behalf of herself individually and as the Personal Representative of the Estate of James Caywood, her deceased husband, relating to a severe anoxic brain injury that led to James Caywood's death.

Pursuant to the Indiana Medical Malpractice Act ("MMA"), Indiana Code § 34-18-1 *et seq.*, Caywood submitted a Proposed Complaint against Defendant Anonymous Hospital (the "Hospital") to the Indiana Department of Insurance ("IDOI") on January 6, 2011. In the Proposed Complaint, which was not filed in court, Caywood revealed the identity of the Hospital. The MMA requires an IDOI medical review panel to evaluate and render an opinion

on such claims before an action against the health care provider can be commenced in such defendant's name. To date, a panel has not yet been formed.

Indiana Code § 34-18-8-7 permits a claimant to file a Complaint in court before the panel issues an opinion so long as the Complaint does not contain any information that would allow a third party to identify the defendant; thus Caywood filed a Complaint in the Marion Superior Court on August 24, 2011 against Defendant CR Bard, Inc. d/b/a Bard Access Systems ("Bard"), naming the Hospital as co-Defendant "Anonymous Hospital." The case was subsequently removed to this Court.

On November 28, 2011, Caywood filed a Motion to Remand. [Dkt. 17.] In support of her motion, Caywood filed a number of exhibits under seal that name the Hospital, including the Proposed Complaint submitted to IDOI and James Caywood's medical records. The exhibits were filed under seal as a precautionary measure to comply with the MMA's anonymity requirement. Caywood simultaneously filed a Motion for Leave to File Documents Identifying Defendant Anonymous Hospital Under Seal, as required by Local Rule 5.3(c). Caywood moves to place those documents under seal, while Defendants have requested that the Court strike the tendered materials from the record.[1]

## II. Discussion

Caywood argues that the anonymity provision of the MMA does not prohibit documents other than the filed Complaint from indentifying an anonymous hospital. In response, Defendant Hospital requests that the documents be stricken from the record because Caywood's request to

---

[1] Defendants' request to strike the documents from the record is contained in their response briefs, [Dkts. 24 and 25], and was not brought by separate motion; thus, the only motion properly before this Court is Caywood's motion to file documents under seal. In any event, for the reasons set forth herein, any motion to strike that had been filed would have been denied.

2

file the documents is in direct violation of both the MMA and the purpose of the anonymity provision.

The Seventh Circuit considers a motion to file documents under seal carefully. There is a "strong presumption of public disclosure" in order for documents to be "open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545-47 (7th Cir. 2002). One such bona fide category is codified in the MMA's anonymity provision, which requires that "the complaint filed in court may not contain any information *that would allow a third party to identify the defendant*" in a medical malpractice suit before a medical review panel has ruled on the issue. Ind. Code § 34-18-8-7(a)(1) (emphasis added). The purpose of this provision is to prevent harm to the reputation of doctors and health care facilities that are improperly named in medical malpractice suits. *See Kho v. Pennington*, 875 N.E.2d 208, 209-216 (Ind. 2007).

Bard argues that the MMA "forbids Caywood from disclosing '*any information* that would allow a third party to identify the defendant' during the medical review panel's investigation." [Dkt. 24 at 3 (emphasis added).] However, Defendant fails to acknowledge that the plain language of the statute states that this requirement applies only to the "***complaint filed in court***." Ind. Code § 34-18-8-7(a)(1) (emphasis added). The documents in question are not a part of the complaint that was filed in this Court; rather, they are submitted as attachments to Plaintiff's Motion to Remand [Dkt. 17]. As such, the MMA's anonymity provision does not expressly apply to the documents in question.

Additionally, this Court is not a "party" to any lawsuit before it; rather, it is the forum within which that lawsuit exists. Accordingly, the Court cannot be a "third party" from whom the identity of Anonymous Hospital must be kept. To the contrary, as a result of the Court's

3

responsibility as a court of limited jurisdiction to examine and confirm that such jurisdiction exists, this Court must be provided with information necessary to examine that jurisdiction, including when necessary the identity of a party rendered anonymous by the MMA. *See* S.D. Ind. L.R. 81-1.

Defendant Hospital argues that, pursuant Local Rule 5.3, this Court may not maintain a document under seal because there is no authorizing statute, Court rule, or Court order; however, it is with this motion that Caywood seeks to obtain such a Court order. Although the Court recognizes that the statute only requires that Caywood maintain the Hospital's anonymity in the Complaint, the Court finds that the policy behind the anonymity provision in Indiana's MMA, along with the relevance of the documents to the Court's determination of its subject matter jurisdiction in this matter, supports Caywood's request to file the exhibits to its Motion to Remand under seal. Therefore the Court **GRANTS** Caywood's Motion due to the significant policy interest in protecting medical practitioners from false claims of malpractice.

### III. Conclusion

For the reasons stated above, the Court hereby **GRANTS** Caywood's Motion for Leave to File Documents Under Seal. [Dkt. 20].

Dated: 03/29/2012

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution List:

All Electronically Registered Counsel

4