UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PATRICIA CAYWOOD, individually and as personal representative of the Estate of James Caywood, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> ANONYMOUS HOSPITAL, and CR BARD, INC., d/b/a BARD ACCESS SYSTEMS, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 1:11-cv-1313-TWP-MJD |

## ENTRY ON APPEAL OF MAGISTRATE JUDGE'S DECISION

This matter comes before the Court on an appeal of Magistrate Judge Dinsmore's Order granting Plaintiff's Motion to Remand. Under the Indiana Medical Malpractice Act ("MMA"), a health service provider remains anonymous in a malpractice case until the Indiana Department of Insurance's ("IDOI") medical review panel renders an opinion on the claim. *See* Ind. Code § 34-18-8-7(a)(1). On January 6, 2011, Plaintiff Patricia Caywood ("Mrs. Caywood"), a citizen of Indiana, submitted a Proposed Complaint against Defendant Anonymous Hospital (the "Hospital") to the IDOI. The complaint stemmed from the death of Mrs. Caywood's husband from a severe anoxic brain injury. Notably, in that complaint, Mrs. Caywood revealed the identity of the Hospital. To date, no IDOI panel has rendered an opinion; in fact, no panel has even been selected.

On August 24, 2011, Mrs. Caywood (on behalf of herself and as her husband's personal representative), filed a complaint in Indiana state court alleging various claims against two defendants: (1) products liability claims against C.R. Bard, Inc. ("Bard"), a New Jersey

corporation with its principal place of business in New Jersey; and (2) medical malpractice claims against the Hospital.  On September 28, 2011, Bard timely removed the case to this Court based on diversity jurisdiction.  *See* 28 U.S.C. § 1332(a); 28 U.S.C. § 1441.  In its Notice of Removal, Bard wrote that there is "no legal entity known as Anonymous Hospital; accordingly, that defendant can be disregarded for purposes of determining diversity of citizenship[.]" (Dkt. #1 at 2-3).  But therein lies the rub, because the Court now knows, unequivocally, that the Hospital is actually an Indiana corporation with its principal place of business in Indiana, thus destroying diversity.  Citing this lack of complete diversity, Mrs. Caywood filed a Motion to Remand.[1]

On April 12, 2012, Magistrate Judge Dinsmore sided with Mrs. Caywood and granted the Motion to Remand.  That decision rested on the appropriate interpretation of 28 U.S.C. § 1441(b)(1), which provides as follows:  "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, <u>the citizenship of defendants sued under fictitious names shall be disregarded</u>."  28 U.S.C. § 1441(b)(1) (emphasis added).  Bard argues that the identity of the Hospital was *fictitious*.  Magistrate Judge Dinsmore disagreed, explaining that "fictitious" is not synonymous with "anonymous," and the Hospital is only the latter.  After all, "the Hospital is identifiable and has been active in this case[.]"  (Dkt. #38 at 5.)  Therefore, "its identity can and must be taken into account in determining the existence of diversity."  *Id*.  Magistrate Judge Dinsmore noted that the Seventh Circuit has not yet squarely ruled on this nuanced issue.  Nonetheless, relying on authority from the First and the Fifth Circuits, Magistrate Judge Dinsmore held that "since the Hospital has now unquestionably been identified as a citizen of the same State as the Plaintiff, federal subject matter jurisdiction has

---

[1] To be clear, Mrs. Caywood attached her Proposed Complaint (the one filed with IDOI and identifying the Hospital) to her Motion to Remand.

been destroyed, and this Court must remand this case." *Id*. at 7.  Finally, Magistrate Judge Dinsmore noted that this decision was reinforced by the age-old precept that federal courts are courts of limited jurisdiction. *Id*.

In response, Bard has appealed Magistrate Judge Dinsmore's ruling under Fed. R. Civ. P. 72, contending that the Hospital is fictitious, and emphasizing that the MMA "protects the [H]ospital's anonymity until such time as the MMA's requirements have been met." (Dkt. #41 at 1.)  Interestingly, courts have reached different decisions about what standard of review a district court should use when reviewing a magistrate judge's decision remanding a case. *Compare First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995-97 (10th Cir. 2000) (a district court's review of a magistrate judge's decision on a remand motion requires a *de novo* determination) *with Delta Dental of Rhode Island v. Blue Cross & Blue Shield of Rhode Island*, 942 F. Supp. 740, 746 (D.R.I. 1996) (holding motions to remand to be non-dispositive, meaning a deferential standard of review was appropriate).  The Court has not located any Seventh Circuit authority on this point.  But, in the end, this point is more academic than pragmatic.  Regardless of the operative standard of review, the Court reaches the same result.

Indeed, the Court agrees entirely with Magistrate Judge Dinsmore's reasoning. "Fictitious" and "anonymous" are distinct concepts, and the Hospital is the latter, not the former. Common sense provides that when a court knows the citizenship of a given defendant, it should not turn a blind eye to an indisputable and obvious reality.  Simply put, a contrary decision would elevate form over substance and needlessly risk wasting federal judicial resources.  It is true, as Bard emphasizes, that judges within this district have arguably reached different decisions on this unique and vexing issue. *Compare Thornburg v. Stryker Corp.*, 2006 WL 211952, at *2 (S.D. Ind. Jan. 27, 2006) (denying motion to remand) *with Ropp v. Stryker Corp.*,

2011 WL 304770, at *3-4 (S.D. Ind. Jan. 26, 2011) (remanding case). However, as Magistrate Judge Dinsmore noted, Bard's cases are arguably distinguishable because, here, "the issue at hand is not one of removal . . . . [t]he proper question regards the propriety of this Court maintaining this case in the <u>known absence of subject matter jurisdiction</u>." (Dkt. #38 at 5.) The Court agrees, and will therefore hew to Magistrate Judge Dinsmore's thoughtful approach. Bard's Objections (Dkt. #40) are **OVERRULED** and the Magistrate Judge's decision is **AFFIRMED**. This case is **REMANDED** to the Marion Superior Court.

SO ORDERED.   08/09/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

David J. Cooner
MCCARTER & ENGLISH, LLP
dcooner@mccarter.com

Amanda C. Couture
DELANEY & DELANEY
acouture@delaneylaw.net

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Jill M. Emerson
CLINE FARRELL CHRISTIE LEE & CARESS
jemerson@cfclc-law.com

Kathy Ann Lee
CLINE FARRELL CHRISTIE LEE & CARESS
kathy@cfcl-law.com, barb@cfcl-law.com

Sara F. Merin
MCCARTER & ENGLISH, LLP
smerin@mccarter.com
Elizabeth Ann Schuerman
BOSE MCKINNEY & EVANS, LLP
eschuerman@boselaw.com

Robert G. Weddle
BOSE MCKINNEY & EVANS, LLP
rweddle@boselaw.com